[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] FINDINGS ON PETITION FOR TERMINATION OF PARENTAL RIGHTS PURSUANT TO C.G.S. SECTION 17a-112 (k)
The following findings are made upon clear and convincing evidence:
1. (Finding regarding the timeliness, nature and extent of services offered or provided to the parent and the child by an agency to facilitate the reunion of the child with the parent.)
The mother was offered ample services to facilitate the return of her child. The services, were offered in a timely fashion and were available at no cost to the mother. On April 24, 2001, the court found efforts toward reunification with the mother were no longer appropriate. The father, John Doe, is not sufficiently identifiable and could not be offered services.
2. (Finding regarding whether the Department of Children and Families has made reasonable efforts to reunite the family pursuant to the Federal Child Welfare Act of 1980, as amended.)
DCF made reasonable efforts to reunite the respondent mother with the child. CT Page 13177
The father was unable or unwilling to benefit from efforts.
3. (Finding regarding the terms of any applicable court order entered into and agreed upon by any individual or agency and the parent, and the extent to which all parties have fulfilled their obligations under such order.)
The respondent mother was issued expectations on January 10, 2001. She has not fulfilled her obligations pursuant to these expectations. Her visits were sporadic and she cooperated with no services. Her efforts to contact the department or the child since the child's entry into foster care were so minimal that this court has entered a finding that she has abandoned Christopher.
4. (Finding regarding the feelings and emotional ties of the child with respect to his/her parents, any guardian of his/her person and any person who has exercised physical care, custody or control of the child for at least one year and with whom the child has developed significant emotional ties.)
The child has not been with his present foster parents, who are willing to adopt him, for at least a year. However, he has bonded with them and calls them "Mommy" and "Daddy." Mother visited sporadically since the child was removed from her care. At one of the last observed visits, the child did not recognize her and turned to his foster mother for security and reassurance.
5. Finding regarding the age of the child.)
Christopher is 19 months old. Neither parent has been his primary caretaker since he was two months old. He has been in foster care for a year.
6. (Finding regarding the efforts the parent has made to adjust his/her circumstances, conduct, or conditions to make it in the best interest of the child to return him/her to his/her home in the foreseeable future, including, but not limited to: (A) the extent to which the parent has maintained contact with the child as part of an effort to reunite the child with the parent, provided the court may give weight to incidental visitations, communications or contributions and (B) the maintenance of regular contact or communication with the guardian or other custodian of the child.)
Neither parent has made realistic or sustained efforts to conform his or her conduct to even minimally acceptable parental standards. They have CT Page 13178 failed to maintain regular contact with this child, the petitioner, or the other parent. Mother failed to visit the child consistently or follow through with all services offered toward reunification.
7. (Finding regarding the extent to which a parent has been prevented from maintaining a meaningful relationship with the child by the unreasonable act or conduct of the other parent of the child, or the unreasonable act of any other person or by the economic circumstances of the parent.
There is no evidence that either parent was prevented from maintaining a meaningful relationship with the child by the unreasonable act or conduct of the department or any other person, or by their own economic circumstances.
KELLER, J.